NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMA ARTEAGA-GONZALEZ, | No. 23-1482 |
| Petitioner, | Agency No. A215-536-868 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025**
Phoenix, Arizona

Before: W. FLETCHER, WALLACH***, and R. NELSON, Circuit Judges.

Guillerma Arteaga-Gonzalez ("Petitioner"), a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying her application for cancellation of removal. We deny the petition.

Petitioner claims that the BIA erred in concluding that she failed to establish

the requisite hardship to her qualifying children under 8 U.S.C. § 1229b(b)(1)(D).

We review "[o]nly the question whether th[e] established facts satisfy the statutory

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

eligibility standard." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). "Because this mixed question is primarily factual, [our] review is deferential." *Id.*

Petitioner argues that her removal would result in significant hardship because of her role as a single mother of six children. The BIA acknowledged Petitioner's status as a single mother, but noted that only three of the children would accompany her to Mexico, all of whom are fluent in Spanish with no educational problems. The agency also found that the other three children were legal adults, and "it ha[d] not been shown that they [we]re not capable of supporting themselves in [Petitioner's] absence."

Petitioner emphasizes that one of her children has asthma and another has suffered from anxiety and depression. But the BIA agreed with the IJ that these medical conditions were well controlled and that the children "were generally healthy," a factual finding we cannot disturb. *See id.* ("[A]n IJ's factfinding on . . . the seriousness of a family member's medical condition . . . remain[s] unreviewable."). The agency further noted that Petitioner had not shown that any necessary treatment would be unavailable in Mexico.

The hardship standard for cancellation of removal is "a very demanding one." *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). The BIA therefore reasonably concluded that considered cumulatively, Petitioner's removal would not result in hardship "substantially beyond that which ordinarily would be expected to

result" from an order of removal. *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quotation omitted).

**PETITION DENIED.**